[No. 33591. Department Two. October 25, 1956.]

C. E. PITTS, *Respondent and Cross-appellant,* v. F. D. PERCY *et al., Appellants.*[1]

*Edmund T. Brigham,* for appellants.

*Donald L. Burcham,* for respondent and cross-appellant.

MALLERY, J.—The defendants are landowners in Pend Oreille county. They owned a caterpillar tractor which they agreed to convey to plaintiff in consideration of his clearing certain of their lands with it for cultivation. The agreement was implemented by (1) a conditional sales contract of the tractor, (2) a land-clearing agreement, which was modified on July 17, 1953, containing detailed specifications as to the land clearing, and (3) a chattel mortgage in the amount of

[1]Reported in 302 P. (2d) 476.

nine thousand dollars upon plaintiff's wheat crop in the state of Idaho to secure completion of the land clearing.

The land-clearing operation began on July 22, 1953, and the parties forthwith disagreed over every phase of the contract, its performance, and their rights thereunder. On November 3, 1953, the defendants immobilized the tractor by removing its battery. They claimed it should not be further operated until it was overhauled, because to do so would injure it and thus impair their security under the conditional sales contract.

Thereupon the plaintiff brought this action to repossess the tractor and quiet his title therein. The defendants counterclaimed, alleging a breach of the time element of performance under the contract by the plaintiff, which forfeited all of his rights in the tractor.

On the second day of the trial, the court became reluctant to decide the case. He said, among other things:

"You both seemed to be apprehensive that these people would be in another lawsuit, and they probably will be the way this one is developing and going. If you want to get right down to business in the light of what Mr. Percy has just said, why don't you get your clients together and let them talk as friends and men of some common understanding and judgment? . . . Gentlemen, I don't like to criticise attorneys. You have had a lot of experience. I am not criticizing either one of you men because you are good men, but you know as well as I do that attorneys can involve people in litigation that costs them a lot of money when, on the contrary, if good judgment is used, they are saved from expensive litigation. And you know that is a fact and I know, and how well I know. We will take a ten minutes' recess."

Following the recess, the attorneys dictated into the record a stipulation for the indefinite continuance of the pending case and agreed that the court should appoint a *disinterested person* to examine the land and determine what further land clearing and road building the plaintiff would be required to do under the contract. The plaintiff was to repair the tractor and commence the remaining work immediately. The defendants were to release the chattel

mortgage on plaintiff's wheat so that he could sell it to obtain funds for the tractor's repairs. They agreed the action would be dismissed with prejudice when the *disinterested person* gave plaintiff final clearance on his performance of the contract.

The court appointed one Hupp to be the *disinterested person* contemplated by the stipulation. He signally failed in his efforts to induce harmony between the parties or secure completion of performance of the contract. He resigned without deciding anything. The trial court, thereupon, took over his supervisory duties and made three trips to inspect the land in question. Both parties, however, continued to be aggrieved about everything that had occurred between them, and recommenced the trial on May 16, 1955.

Obviously, the trial could not continue with the same issues that were before the court at the end of the second day, when the stipulation was entered into. At that time, the defendants had sought a forfeiture of plaintiff's rights, because of a breach of the contract as to the time of performance thereof. This breach was waived by the stipulation, and the defendants received substantial benefits by reason of the amount of land cleared by plaintiff thereafter. The defendant was, of course, in possession of the tractor when the trial was resumed, and only the question of title remained. It was, however, incumbent upon the court to determine if there had been a performance of the contract. He found there had been a substantial but not a complete performance. He then fixed the damages to defendants in the amount of money it would cost to *complete* performance of the contract. Title to the tractor was then, of course, quieted in the plaintiff. Neither party was awarded costs. Both were still aggrieved. The defendants appealed, and the plaintiff-respondent cross-appealed.

We find no merit in appellants' demand for strict enforcement of the terms of the original contract. They waived the alleged breach of contract by their stipulation and accepted substantial benefits from the respondent afterward. They cannot go back to their original position as to

the time of performance, because they cannot restore respondent to his position at the time of the stipulation.

There is no merit in their contention that the court erred in accepting Hupp's resignation and in failing to find a breach of the contract. Hupp resigned and refused to exercise the authority conferred upon him. The court then had no alternative but to pass upon the merits of the case as affected by the stipulation.

There is no merit in any of appellants' assignments of error directed to what occurred in the first two days of trial. They became as nothing upon the entry of the stipulation.

We find no merit in appellants' assignments of error directed to the admissibility of evidence or to the court's findings, which are supported by the record.

The respondent, in his cross-appeal, contends the court should have awarded him damages for the withholding of the tractor prior to the stipulation. He cannot now recapture what he therein stipulated away.

The respondent contends he had completely performed the contract, and that the court erred in awarding appellants damages in the sum of fifteen hundred dollars. We hold that the record supports the court's finding to the contrary.

The judgment is affirmed, without costs to either party.

DONWORTH, C. J., WEAVER, and ROSELLINI, JJ., concur.

---

January 31, 1957. Petition for rehearing denied.